# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANDREW BENTON CUFAUDE**, | Case No. 2:20-cv-00384-IM |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| **BRAD CAIN**, Superintendent Snake River Correctional Institution, | |
| Defendant. | |

**IMMERGUT, District Judge.**

Plaintiff Andrew Benton Cufaude ("Cufaude"), an individual in custody at Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that SRCI medical staff failed to provide him adequate medical care in violation of his constitutional rights. This Court previously granted Cufaude leave to proceed *in forma pauperis*. For the reasons set forth below, this Court dismisses Cufaude's Complaint (ECF No. 2) and denies his Motion for Appointment of Counsel (ECF No. 3).

///

PAGE 1 – ORDER OF DISMISSAL

**STANDARDS**

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Cufaude is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords Cufaude the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**BACKGROUND**

Cufaude alleges that he was diagnosed with an unspecified spinal condition in 2009. (Compl., ECF No. 2 at 2.) He alleges that following corrective surgery in October 2016, his "back was fixed and felt good," but broke in the "same place" shortly thereafter. (*Id.* at 3.) Despite Cufaude's renewed injury, his SRCI primary care provider, Dr. Gulick, did "not believe[] [he] was in pain . . . [or that he] need[ed] medical tests . . . and proper pain medication" to manage his condition. (*Id.* at 4.) Cufaude frequently complained to prison officials that his back injury was a continuing source of severe pain and daily disruption for which he was receiving inadequate medical treatment. (*Id.* at 4.) By the time a second corrective surgery was performed in 2019, Cufaude allegedly had suffered permanent nerve damage in his back. (*Id.* at 4.)

**DISCUSSION**

In order to state an Eighth Amendment claim for the denial of adequate medical care, a plaintiff must allege facts to support a reasonable inference that the defendants were deliberately

indifferent to his serious medical condition. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A prison official is deliberately indifferent only if he knows of and disregards an excessive risk to an inmate's health and safety. *Egberto v. Nevada Dep't of Corr.*, 678 F. App'x 500, 503 (9th Cir. 2017); *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). This standard requires more than ordinary lack of due care. *Egberto*, 678 F. App'x at 503; *Colwell*, 763 F.3d at 1066.

Cufaude fails to state an Eighth Amendment claim for two reasons. First, in order to state a claim, a plaintiff must allege facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ortez v. Washington Cty.*, 88 F.3d 804, 809 (9th Cir. 1996). Cufaude names Superintendent Brad Cain ("Cain") as the sole defendant, but includes no allegations that Cain was personally involved in Cufaude's medical care or in the process of approving or denying recommended treatments. Cain is not vicariously liable under § 1983 for the conduct of his employees. *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691-94 (1978); *Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014). Second, to the extent that Cufaude alleges that he received care so deficient as to constitute negligence or medical malpractice (*see* Compl., at 3), he fails to state a claim because mere negligence does amount to a constitutional violation. *Toguchi*, 391 F.3d at 1060.

Finally, the Court notes that in Cufaude's prayer for relief, he seeks "accommodations" pursuant to the Americans with Disabilities Act ("ADA") — specifically, an assignment to a bottom bunk and restrictions on his physical activity. (Compl., at 5.) If Cufaude seeks to bring an ADA claim, he must set forth a separate claim for relief containing facts to support a reasonable inference that (1) he is an individual with a disability; (2) he is otherwise qualified; and (3) the defendant's conduct either excluded his participation in or denied him the benefits of a service,

program or activity or otherwise subjected him to discrimination on the basis of his disability. *Duffy v. Riveland*, 98 F.3d 447, 455 (9th Cir. 1996). Cufaude is advised that "[t]he ADA prohibits discrimination *because* of disability, not inadequate treatment for disability." *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled on other grounds by Castro v. City of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (emphasis added); *see also Allen v. Or. Dept. of Corr.*, 315 F. App'x 610, 612 (9th Cir. 2009) (affirming the grant of summary judgment because the prisoner failed to show he was discriminated against by reason of his knee injury).

## CONCLUSION

Based on the foregoing, this Court DISMISSES Cufaude's Complaint (ECF No. 2) for failure to state a claim. Cufaude may file an amended complaint, within thirty days of the date of this Order, curing the deficiencies noted above. Failure to file an amended complaint will result in the dismissal of this proceeding, with prejudice.

This Court DENIES Cufaude's Motion for Appointment of Counsel (ECF No. 3) because he has demonstrated a sufficient ability to articulate his claims in light of the complexity of the case and, at this stage of the proceeding, has failed to demonstrate a likelihood of success on the merits. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Cufaude may renew his request for counsel at a later stage of the proceeding.

**IT IS SO ORDERED.**

DATED this 8th day of April, 2020.

Karin J. Immergut
United States District Judge