IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANDREW BENTON CUFAUDE**, | Case No. 3:20-cv-00384-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **DR. GARTH GULICK**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

Plaintiff Andrew Benton Cufaude ("Plaintiff"), appearing *pro se*, brings this action alleging that Defendant Garth Gulick ("Defendant") acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment and the Oregon Constitution. Plaintiff is an inmate at Snake River Correctional Institute ("SRCI") in Ontario, Oregon. ECF 7 at 2. Plaintiff alleges that Defendant, a doctor at SRCI, failed to timely and comprehensively provide treatment for pain and other symptoms Plaintiff experienced following a 2016 back surgery. *Id*. at 2–3. Plaintiff claims that he "filed timely and appropriate grievance(s)" detailing his symptoms and that the "grievance process is exhausted." *Id*. at 1.

PAGE 1 – OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment, filed on October 21, 2020. ECF 20. In his motion, Defendant argues that he is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. *Id*. at 3–4. In support of the motion, Defendant filed a declaration by Kelcie Wiley, the Grievance Coordinator at SRCI. ECF 21. The declaration explains that to complete SRCI's grievance review process, an inmate must timely file a grievance and complete the first and second appeals. *Id*. at ¶ 9. The declaration shows that although Plaintiff filed several medical grievances since his 2016 surgery, he did not complete the appeal process for any of the grievances filed. *Id*. at ¶¶ 16, 19, 22, 25, 28, 39, 42.

On October 22, 2020, this Court sent Plaintiff a summary judgment advice notice and scheduling order explaining the summary judgment process and the thirty-day response deadline. ECF 22. Plaintiff did not file a response to Defendant's motion. For the reasons discussed below, Defendant's Motion for Summary Judgment, ECF 20, is granted.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the

PAGE 2 – OPINION AND ORDER

non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires that prisoner exhaust all "available" administrative remedies prior to filing an action under any federal law. 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement affords corrections officials the opportunity to engage in corrective action that could obviate the need for litigation as well as create an administrative record useful to litigation. *Porter*, 534 U.S. at 525.

To be considered an "available" administrative remedy, the remedy must be capable of use by the prisoner. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014). The PLRA's exhaustion requirement is an affirmative defense that defendants must advance, not a pleading requirement placed on the shoulders of the inmate. *Id*. at 1172. Whether a claim is barred by an exhaustion defense "should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id*. at 1170.

Here, the declaration supporting Defendant's motion for summary judgment demonstrates that Plaintiff failed to exhaust all available administrative remedies for his claims. Plaintiff's relevant grievance history shows that he did not complete SRCI's appeal process for any of the grievances he has filed since his 2016 surgery. ECF 21 at ¶¶ 16, 19, 22, 25, 28, 39, 42. Plaintiff did not dispute the factual record laid out in Wiley's declaration by filing a response to Defendant's summary judgment motion or supplementing the record with his own evidence. Thus, even when viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, this Court finds that Plaintiff has failed to exhaust all available administrative remedies as required by the PLRA. Accordingly, Defendant is entitled to summary judgment.

PAGE 3 – OPINION AND ORDER

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion for Summary Judgment, ECF 20, and DISMISSES this case without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

DATED this 15th day of January, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge